**AN UNNAMED ATTORNEY, Movant,**

v.

**KENTUCKY BAR ASSOCIATION,**
**Respondent.**

**No. 2006-SC-000099-KB.**

Supreme Court of Kentucky.

March 23, 2006.

## OPINION AND ORDER

Pursuant to SCR 3.480(2), Movant, An Unnamed Attorney, moves this Court to impose the sanction of a Private Reprimand in the above referenced disciplinary proceeding.

In early 2003, Movant was employed as an attorney by John and Jane Doe,[1] husband and wife, to perform an investigation of the circumstances surrounding the fatal shooting of Mrs. Doe's former husband. Neither Mr. nor Mrs. Doe had been charged with any crime in connection with that occurrence; however, they were concerned that one or both of them might be charged with a crime as the official investigation proceeded. The Does advised Movant that neither of them had played any role in the shooting and that they had a common alibi. They sought to employ Movant to investigate the shooting on their behalf, in the hope that the investigation would produce evidence supporting their claim that they were innocent of any involvement.

Movant advised the Does that a conflict of interest could arise in the course of his work on their behalf. He also advised them that if a conflict of interest did arise he might be required to withdraw from the joint employment. However, he did not advise them that any and all information obtained during the joint representation or obtained in any communication to him by them would be available to each client and exchanged freely between the clients in the absence of a conflict of interest. Movant asserts that he did not anticipate the possibility that the interests of the Does would become so materially divergent that there would be a conflict of interest in providing the results of the investigation to each of them. He acknowledges that he did not explain the potential ramifications of joint representation in that regard.

After discussing the aforementioned aspects of the employment, Movant agreed to undertake the investigation for a flat fee of $7,500. The Does made an initial payment of $2,500, and Movant commenced work on their behalf. They paid him an additional $3,000 after he began work, leaving a balance of $2,000 still unpaid.

The investigation produced information that indicated that one of the Does was directly involved in the shooting, contrary to what Movant had been told. Upon discovery of this information, and following communications with the KBA Ethics Hotline, Movant determined that he should withdraw from the joint employment. Furthermore, Movant concluded that he should not disclose certain results of his investigation to either Mr. or Mrs. Doe without the consent of each of them, which they declined to give. Movant encouraged each of them to obtain new counsel, and they followed this advice.

■■■ After receiving a bar complaint from the Does, the Inquiry Commission authorized a Charge against Movant pursuant to SCR 3.190. The Charge contains two counts, both of which are based on the allegation that Movant did not adequately explain the potential for a conflict of inter-

---

1. The names of the parties have been changed to protect the anonymity of the attorney being reprimanded privately. Though this Reprimand is private and only the attorney himself should know this case is about him, the Court feels other members of the bar will benefit from a published opinion condemning Movant's actions.

est and the potential consequences of such a conflict. Count I alleges that Movant violated SCR 3.130–1.4(b), which states: "a lawyer should explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation." Count II alleges that Movant violated SCR 3.130–1.7(2)(b) which states:

A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless:

(1) The lawyer reasonably believes the representation will not be adversely affected; and

(2) The client consents after consultation. When representation of multiple clients in a single matter is undertaken, the consultation shall include explanation of the implications of the common representation and the advantages and risks involved.

This rule does not absolutely prohibit common representation. As neither of the Does had been charged at the time the representation commenced, the rule only required that Movant reasonably believe the representation of each client would not be adversely affected by the dual representation, and that each of the clients consent after consultation. In the context of common representation, consent must be informed, and this requires that each client be made aware of the full consequences of such representation. This includes the meaning of confidentiality, and the reasonably foreseeable means that conflicts could adversely affect the interests of each client. Such communication must "include explanation of the implications of the common representation." [2]

In this case there was a lack of required communication by Movant. Specifically, Movant failed to explain that there would be no confidentiality as between the two clients and the lawyer, that all information discovered would be furnished to both, and that each client was owed the same duty. When the investigation uncovered information that was favorable to one client but harmful to the other, Movant refused to release the information he had gathered without the acquiescence of both clients, which was not given. This resulted from his failure to initially explain the implications of common representation to both clients. When the investigation revealed that one of the clients was involved in the homicide, Movant had a duty with respect to that client to keep that fact confidential. On the other hand, he had a duty to the other client to provide exculpatory information which necessarily included information he was obligated to keep confidential.

It should be noted that the advice given in the Ethics Hotline opinion does not shield Movant from this Charge, as the Charge arises from the commencement of the representation and before the events that led him to request an Ethics Hotline opinion. This case well illustrates the potential peril lawyers face when undertaking joint representation. SCR 3.130–1.7(2)(b) is mandatory and the consent element must be *informed* consent, including a full explanation of all foreseeable ramifications.

The KBA has expressed its agreement with the motion made by Movant, and we feel that the punishment is appropriate, especially in light of the unique factors of this case. We hereby grant the motion and, it is ORDERED that:

1. Movant, An Unnamed Attorney, is hereby privately reprimanded for viola-

---

2. SCR 3.130–1.7(2)(b).

tions of SCR 3.130–1.4(b) and SCR 3.130–1.7(2)(b).

2. In accordance with SCR 3.450, Movant is directed to pay costs in the amount of $49.60, for which execution may issue from this Court upon finality of this Opinion and Order.

All concur.

ENTERED: March 23, 2006.

/s/ Joseph E. Lambert
CHIEF JUSTICE